UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 3:12-CV-214-LRH-(VPC) |
| $65,381.00 IN UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT, STIPULATION FOR ENTRY OF JUDGMENT OF FORFEITURE AS TO ROBERT GORDON LIPSTREU, JR., AND ORDER**

The United States of America, by and through Daniel G. Bogden, United States Attorney for the District of Nevada, and Michael A. Humphreys, Assistant United States Attorney, and ROBERT GORDON LIPSTREU, JR., and his counsel, Tammy M. Riggs, stipulate as follows:

1. This case is a civil forfeiture action seeking to forfeit $65,381.00 in United States Currency under Title 21, United States Code, Section 881(a)(6).

2. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to the abandonment, the civil administrative forfeiture, the civil judicial forfeiture, or the criminal forfeiture concerning the $65,381.00 in United States Currency.

3. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to abandon or to forfeit the $65,381.00 in United States Currency to the United States.

4. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to relinquish all right, title, and interest in the $65,381.00 in United States Currency.

5. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to waive his right to any abandonment proceedings, any civil administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any criminal forfeiture proceedings ("proceedings") concerning the $65,381.00 in United States Currency.

6. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to waive service of process of any and all documents filed in this action or any proceedings concerning the $65,381.00 in United States Currency arising from the facts and circumstances of this case.

7. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to waive any further notice to him, his agents, or his attorneys regarding the forfeiture and disposition of the $65,381.00 in United States Currency.

8. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees not to file any claim, answer, petition, or other documents in any proceedings concerning the $65,381.00 in United States Currency.

9. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to withdraw any claims, answers, counterclaims, petitions, or other documents he filed in any proceedings concerning the $65,381.00 in United States Currency.

10. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to waive the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 32.2(a) and 32.2(b)(3), Fed. R. Civ. P. Supp. Rule A, C, E, and G, and the constitutional due process requirements of any abandonment proceeding or forfeiture proceeding concerning the $65,381.00 in United States Currency.

11. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to waive his right to a trial on the forfeiture of the $65,381.00 in United States Currency.

12. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to waive (a) all constitutional, legal, and equitable defenses to, (b) any constitutional or statutory double jeopardy defense or claim concerning, and (c) any claim or defense under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fines or cruel and unusual punishments in any of the proceedings concerning the $65,381.00 in United States Currency.

13. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to the entry of a Judgment of Forfeiture of the $65,381.00 in United States Currency to the United States.

14. ROBERT GORDON LIPSTREU, JR., understands that the forfeiture of the $65,381.00 in United States Currency shall not be treated as satisfaction of any assessment, restitution, fine, cost of imprisonment, or any other penalty that may be imposed on ROBERT GORDON LIPSTREU, JR., in addition to forfeiture.

15. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to the conditions set forth in this Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture, and Order ("Settlement Agreement").

16. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to hold harmless the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any claim made by ROBERT GORDON LIPSTREU, JR., or any third party arising out of the facts and circumstances of this case.

17. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily releases and forever discharges the United States, the United States Department of Justice, the United States Attorney's Office for the District of Nevada, the Drug Enforcement Administration, their agencies, their agents, and their employees from any and all claims, rights, or causes of action of any kind that ROBERT GORDON LIPSTREU, JR., now has or may hereafter have on account of, or in any way growing out of, the seizures and the forfeitures of the property in the abandonment, the civil administrative forfeitures, the civil judicial forfeitures, and the criminal forfeitures.

18. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily acknowledges, understands, and agrees that (a) federal law requires the Department of the United States Treasury and other disbursing officials to offset federal payments to collect delinquent tax and non-tax debts owed to the United States and to individual states (including past-due child support); (b) if an offset occurs to the payment to be made pursuant to this agreement, he will receive a notification from the Department of the United States Treasury at the last address provided by him to the governmental agency or entity to whom the offset payment is made; (c) if he believes the payment may be subject to an offset, he may contact the Treasury Department at 1-800-304-3107; (d) the terms of this settlement do not affect the tax obligations fines, penalties, or any other monetary obligations he owes to the United States or an individual state; and (e) the exact sum delivered to Tammy M. Riggs, on behalf of him, may well be a lesser sum, if the Treasury Offset Program reduces the amount in satisfaction of a debt obligation.

19. After the property is forfeited in the civil case and the United States District Court has signed the Settlement Agreement concerning the property, within a practicable time thereafter for the United States, the United States agrees to release to ROBERT GORDON LIPSTREU, JR., one payment of Thirteen Thousand Seventy-Six dollars and Twenty Cents ($13,076.20) in United States Currency, less any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect, through Tammy M. Riggs. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees to fill out the Department of the United States Treasury Automated Clearing House ("ACH") form accurately and correctly and submit it to the United States Attorney's Office so that the payment of the money can be disbursed by electronic fund transfer. ROBERT GORDON LIPSTREU, JR., knowingly and voluntarily agrees the Thirteen Thousand Seventy-Six dollars and Twenty Cents ($13,076.20) in United States Currency may be offset by any debt owed to the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

. . .

20. Each party acknowledges and warrants that its execution of the Settlement Agreement is free and is voluntary.

21. The Settlement Agreement contains the entire agreement between the parties.

22. Except as expressly stated in the Settlement Agreement, no party, officer, agent, employee, representative, or attorney has made any statement or representation to any other party, person, or entity regarding any fact relied upon in entering into the Settlement Agreement, and no party, officer, agent, employee, representative, or attorney relies on such statement or representation in executing the Settlement Agreement.

23. The persons signing the Settlement Agreement warrant and represent that they have full authority to execute the Settlement Agreement and to bind the persons and/or entities, on whose behalf they are signing, to the terms of the Settlement Agreement.

24. This Settlement Agreement shall be construed and interpreted according to federal forfeiture law and federal common law. The jurisdiction and the venue for any dispute related to, and/or arising from, this Settlement Agreement is the unofficial Southern Division of the United States District Court for the District of Nevada, located in Las Vegas, Nevada.

25. Each party shall bear his or its own attorneys' fees, expenses, costs, and interest.

26. This Settlement Agreement shall not be construed more strictly against one party than against the other merely by virtue of the fact that it may have been prepared primarily by counsel for one of the parties; it being recognized that both parties have contributed substantially and materially to the preparation of this Settlement Agreement.

. . .

. . .

. . .

. . .

. . .

. . .

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure and forfeiture of the $65,381.00 in United States Currency.

DATED: 4/1/2013                                        DATED: 5-6-13

TAMMY M. RIGGS                                         DANIEL G. BOGDEN
                                                       United States Attorney


*/s/ Tammy M. Riggs*                                   */s/ Michael A. Humphreys*
TAMMY M. RIGGS                                         MICHAEL A. HUMPHREYS
Counsel for Robert Gordon Lipstreu, Jr.,               Assistant United States Attorney


DATED: 3/20/13


*/s/ Robert Gordon Lipstreu, Jr.*
ROBERT GORDON LIPSTREU, JR.,


IT IS SO ORDERED:

DATED this 8th day of May, 2013.

*/s/ Larry R. Hicks*

_____

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE