**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>           )<br>           Plaintiff, )<br>           )<br>      v.    )<br>           )<br>$7,900.00 IN UNITED STATES )<br>CURRENCY, )<br>           )<br>           Defendant. ) | 3:13-CV-506-LRH-(VPC) |

**DEFAULT JUDGMENT OF FORFEITURE AS TO ROBERT GORDON LIPSTREU, JR. AND ALL PERSONS OR ENTITIES WHO CLAIM AN INTEREST IN THE $7,900.00 IN UNITED STATES CURRENCY**
**AND**
**FINAL JUDGMENT OF FORFEITURE AS TO $7,900.00 IN UNITED STATES CURRENCY AND NESSA RACHEL GOLDMAN**

**I. FACTS**

1.  On November 19, 2011, a car driven by Robert Gordon Lipstreu, Jr. was stopped for a traffic violation near mile marker 299 of Interstate 80, near Reno, Nevada. The passenger in the vehicle was Nessa Rachel Goldman. Lipstreu was found to be impaired by marijuana and a trained

narcotics canine alerted to the vehicle. In the backseat of the car was found a backpack containing $65,381.00 in United States Currency. In the trunk of the vehicle was found $7,900.00 in United States Currency in a bag. Both sets of currency were grouped together according to denominations, and rubber-banded, consistent with the manner in which drug-related currency is transported by couriers.

2. The two sets of currency later became defendants in two separate civil forfeiture cases: $65,381.00 in United States Currency (3:12-CV-214-LRH-(VPC)); and $7,900.00 in United States Currency (3:13-CV-506-LRH-(VPC)).

**II. PROCEDURE**

3. The United States of America ("United States") filed a verified Complaint for Forfeiture in Rem on April 18, 2012. Complaint, ECF No. 1. The Complaint (ECF No. 1) alleges the defendant property:

    a. was furnished or was intended to be furnished in exchange for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b. is proceeds traceable to exchanges of controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

    c. was used or was intended to be used to facilitate violations of Title II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

4. On April 24, 2012, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4.

5. Pursuant to the Order (ECF No. 3), the Complaint (ECF No. 1), the Order for Summons and Warrant of Arrest in Rem for the Property and Notice (ECF No. 3), the Summons and Warrant of

Arrest in Rem for the Property (ECF No. 4), and the Notice of Complaint for Forfeiture and Arrest (ECF No. 5, p. 3-4 and ECF No. 9, p. 4-5, 20-21, 35-36, 51-52, 67-68, and 82-83) were served on the defendant property and all persons claiming an interest in the defendant property.  Notice was published according to law.

6. Pursuant to Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp. Rule") G(5), all persons interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identifies the specific interest in the property claimed, (b) identifies the claimant and states the claimant's interest in the property, and (c) is signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice is sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on Michael A. Humphreys, Assistant United States Attorney, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 3; Summons and Warrant, ECF No. 4; Notice of Complaint, ECF Nos. 5 and 9.

7. Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from April 27, 2012, through May 26, 2012. Notice of Filing Proof of Publication, ECF No. 7.

8. On April 24, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. Notice of Filing Service of Process, ECF No. 5.

. . .

9. On August 14, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Robert G. Lipstreu, Jr. by regular mail and certified return receipt mail. Notice of Filing Service of Process, ECF No. 9, p. 2-33.

10. On September 12, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Robert G. Lipstreu, Jr. by and through Scott N. Freeman, his counsel, by personal service. Notice of Filing Service of Process, ECF No. 9, p. 34-48.

11. On August 14, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Nessa Rachel Goldman by international mail and registered international mail. Notice of Filing Service of Process, ECF No. 9, p. 49-80.

12. On September 12, 2012, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice on Nessa Rachel Goldman by and through Scott N. Freeman, her counsel, by personal service. Notice of Filing Service of Process, ECF No. 9, p. 81-95.

13. On January 23, 2013, Nessa Rachel Goldman filed a claim. Claim of Nessa Rachel Goldman, ECF No. 11.

14. On May 7, 2013, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Nessa Rachel Goldman, and Order (ECF No. 13), regarding the $7,900.00 in United States Currency.  Claimant waived, among other things, service of process.

15. On May 9, 2013, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Nessa Rachel Goldman, and Order (ECF No. 15).

16. On June 11, 2013, the United States filed a Motion for Entry of Clerk's Default in regards to the $7,900.00 in United States Currency. Motion for Entry of Clerk's Default, ECF No. 16.

. . .

17. On August 15, 2013, the United States filed a Motion to Amend/Correct Request for Entry of Default in regards to the $7,900.00 in United States Currency. Motion to Amend/Correct Request for Entry of Default, ECF No. 19.

18. On September 11, 2013, the United States filed an Unopposed Motion to Sever Defendants in docket number 3:12-CV-214-LRH-(VPC). The defendants were: (1) $65,381.00 in United States Currency; and (2) $7,900.00 in United States Currency. Unopposed Motion to Sever Defendants, ECF No. 20.

19. On September 13, 2013, an Order granting the Unopposed Motion to Sever Defendants in docket number 3:12-CV-214-LRH-(VPC) was entered. Defendant $7,900.00 in United States Currency was removed from docket number 3:12-CV-214-LRH-(VPC) while defendant $65,381.00 in United States Currency remained in docket number 3:12-CV-214-LRH-(VPC) (Order, ECF No. 21). Per the Order, Defendant $7,900.00 in United States Currency was to be assigned a new docket number.

20. On September 17, 2013, a Notice of Related Cases was entered by the Court and defendant $7,900.00 in United States Currency was assigned a new docket number of 3:13-CV-506-LRH-(VPC). Notice of Related Cases, ECF No. 22, 3:12-CV-214-LRH-(VPC).

21. No other person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

22. On December 20, 2013, the United States filed a Request for Entry of Clerk's Default against the $7,900.00 in United States Currency, Robert Gordon Lipstreu, Jr., and all persons or entities who claim an interest in the $7,900.00 in United States Currency in the above-entitled action except Nessa Rachel Goldman. Request for Entry of Clerk's Default, ECF No. 22.

23. On August 7, 2014, the Clerk of the Court entered a Default against the $7,900.00 in United States Currency, Robert Gordon Lipstreu, Jr. and all persons or entities who claim an interest in the $7,900.00 in United States Currency in the above-entitled action except Nessa Rachel Goldman. Entry of Clerk's Default, ECF No. 23.

24. Robert Gordon Lipstreu, Jr. is not in the military service within the purview of the Servicemembers Civil Relief Act. Exhibit 1.

25. Robert Gordon Lipstreu, Jr. is neither a minor nor an incompetent person.

### III. JUDGMENT

26. Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the complaint for forfeiture.

### IV. DEFAULT AND ENTRY OF DEFAULT

27. As shown above, the United States has requested entry of Clerk's Default against the $7,900.00 in United States Currency, Robert Gordon Lipstreu, Jr., and all persons or entities who claim an interest in the $7,900.00 in United States Currency in the above-entitled action except Nessa Rachel Goldman (ECF No. 22). The Clerk entered the Default as requested (ECF No. 23).

### V. NOTICE

28. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. See above. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. See above.

### VI. LEGAL SUFFICIENCY OF THE COMPLAINT

29. The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the $7,900.00 in United States Currency, and venue. The Complaint described the property with reasonable particularity. The Complaint states where the seizure of the $7,900.00 in United States Currency occurred and its current location. The Complaint identifies the statutes under which the forfeiture action is brought. The Complaint alleges sufficiently detailed facts to support a reasonable belief that the United States will be able to meet its burden proof at trial. See facts above. Complaint, ECF No. 1. Fed. R. Civ. P. Supp. Rule G(2).

30.     The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

**VII.  POTENTIAL CLAIMANTS**

31.     Nessa Rachel Goldman has entered into a Settlement Agreement with the United States. No other person has filed a claim and the time to file a claim has passed.

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Robert Gordon Lipstreu, Jr. and all persons or entities who claim an interest in the $7,900.00 in United States Currency and Final Judgment of Forfeiture as to $7,900.00 in United States Currency and Nessa Rachel Goldman.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against Robert Gordon Lipstreu, Jr. and all persons or entities who claim an interest in the $7,900.00 in United States Currency in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $7,900.00 in United States Currency.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the $7,900.00 in United States Currency be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party, other than Nessa Rachel Goldman, whose rights and liabilities are adjudged below.

IT IS FURTHER ORDERED, ADJUDED AND DECREED, that, the property having been forfeited, within a practicable time hereafter for the United States, the United States must release to Nessa Rachel Goldman, through Tammy M. Riggs, one payment of One Thousand Nine Hundred and Forty Dollars ($1,940.00) in United States Currency, less any debt owed the United States, any agency of the United States, or any debt in which the United States is authorized to collect.

. . .

. . .

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

DATED this 1st day of October, 2014.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE